IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

OMNICOM GROUP, INC.,                  §
                                      §
Plaintiff                             §
                                      §
v.                                    §          Civil Action 1:14-cv-0386-LLS-GWG
                                      §
JOHN CHEVEDDEN,                       §          USDC SDNY
                                      §          DOCUMENT
                                      §          ELECTRONICALLY FILED
Defendant                             §          DOC#
                                      §          DATE FILED: 2/4/14
                                      §

DEFENDANT'S MOTION AND SUPORTING MEMORANDUM TO DISMISS (1) FOR
LACK OF SUBJECT MATTER JURISDICTION, AND (2) FOR FAILURE TO JOIN AN
INDISPENSABLE PARTY

-----------------------------------------------------------------------------------------------------------

The Defendant moves to dismiss the referenced complaint (1) for lack of subject matter

jurisdiction pursuant to F.R.C.P. 12(b)(1), and (2) for failure to join an indispensable party,

namely the Securities and Exchange Commission (the "SEC"), pursuant to F.R.C.P. 12(b)(7).

## I.   OMNICOM DOES NOT HAVE ARTICLE III STANDING.

Article III of the Constitution only authorizes federal courts to hear "cases" and

"controversies." In *Lujan v. Defenders of Wildlife*, 504 U.S. at 560 (1992), the Supreme Court

set forth the constitutional standing requirements for a case or controversy heard by a federal

court.

RECEIVED
FEB - 4 2014
PRO SE OFFICE

Over the years, our cases have established that the irreducible constitutional minimum of
standing contains three elements: First, the plaintiff must have suffered an "injury in
fact"—an invasion of a legally-protected interest which is (a) concrete and particularized,
see *id.,* at 756, 104 S.Ct., at 3327; *Warth v. Seldin,* 422 U.S. 490, 508, 95 S.Ct. 2197,
2210, 45 L.Ed.2d 343 (1975); *Sierra Club v. Morton,* 405 U.S. 727, 740-741, n. 16, 92
S.Ct. 1361, 1368-1369, n. 16, 31 L.Ed.2d 636 (1972); and (b) "actual or imminent, not
'conjectural' or 'hypothetical,' *"Whitmore, supra,* 495 U.S., at 155, 110 S.Ct., at 1723
(quoting *Los Angeles v. Lyons,* 461 U.S. 95, 102, 103 S.Ct. 1660, 1665, 75 L.Ed.2d 675
(1983)). Second, there must be a causal connection between the injury and the conduct
complained of—the injury has to be "fairly . . . trace[able] to the challenged action of the
defendant, and not . . . th[e] result [of] the independent action of some third party not
before the court." Simon v. Eastern Kentucky Welfare Rights Org., 426 U.S. 26, 41-42,
96 S.Ct. 1917, 1926, 48 L.Ed.2d 450 (1976). Third, it must be "likely," as opposed to

1

merely "speculative," that the injury will be "redressed by a favorable decision." *Id.,* at 38, 43, 96 S.Ct., at 1924, 1926. (footnote omitted).

Omnicom Group, Inc., ("Omnicom") maintains that it may legally exclude the Defendant's Rule 14a-8 proposal from its proxy materials. It requests a declaration from this Court confirming its position but it does not say what concrete harm will befall it if it does precisely what it says it has a right to do (without obtaining a declaration). The only consequence Omnicom mentions is that "[a] company that decides to exclude a proposal without even asking for no-action relief...faces a high probability of an investigation from the SEC's Division of Enforcement." (citing Broc Romanek, *Shareholder Proposals Handbook*, at 36, May 2013) (internal quotations omitted).[1] However, Omnicom has not sued the SEC. In *Clapper v. Amnesty Int'l USA*, 133 S. Ct. 1138 (2013), the Supreme Court held that (1) a federal court has subject matter jurisdiction to issue a declaration provided that the plaintiff's "threatened injury must be certainly impending to constitute injury in fact," and (2) the plaintiff *"cannot rely on speculation about the unfettered choices made by independent actors not before the court."* (emphasis added).

Omnicom's complaint is critically flawed because it does not allege that *the Defendant* will cause it to incur any injury, let alone an injury that is "certainly impending" if Omnicom does what it says it has a right to do. Instead, its claimed potential injury is solely the result of the SEC's "unfettered choices." Hence, Omnicom really seeks a prohibited advisory opinion from this Court. *Bennett v. Spear,* 520 U.S. 154, 162 (1997). As the *Bennett* Court explained:

> Redress is sought *through* the court, but *from* the defendant. This is no less true of a declaratory judgment suit than of any other action. The real value of the judicial pronouncement — what makes it a proper judicial resolution of a "case or controversy" rather than an advisory opinion — is in the settling of some dispute

---

[1] An SEC investigation, which may be conducted without the knowledge of Omnicom, is not a cognizable injury in fact. Many SEC investigations are perfunctory and end with no adverse action taken. In addition, nothing prevented Omnicom from requesting no-action relief from the SEC to avoid an investigation. Omnicom "cannot manufacture standing merely by inflicting harm on [itself]...." *Clapper v. Amnesty Int'l USA*, 133 S. Ct. 1138 (2013). In any case, citing a snippet of unsupported dicta about general SEC practices does not meet *Lujan's* requirement that a claimed future injury in fact be "particularized" or *Clapper's* requirement that it be "certainly impending."

*which affects the behavior of the defendant towards the plaintiff. Hewitt v. Helms,* 482 U.S. 755, 761 (1987) (emphasis in original).

Even if Omnicom could demonstrate that (1) it faced a high probability of an SEC investigation if it excludes the Defendant's proposal (as Omnicom says it may do), and (2) that an SEC investigation alone is a cognizable injury in fact (which is dubious), Omnicom must also show that its threatened injury would likely be redressed by a declaratory judgment against the Defendant. *id.* However, since the SEC is not a party in this case, it cannot be bound by any judgment issued against the Defendant. Therefore, Omnicom's claimed injury of a potential investigation by the SEC cannot be redressed by a favorable judgment against the Defendant.

In *Hollingsworth v. Perry*, 133 S. Ct. 2652 (2013), the Supreme Court counseled federal courts that, to "[keep] the Judiciary's power within its proper constitutional sphere, we must put aside the natural urge to proceed directly to the merits of [an] important dispute and to 'settle' it for the sake of convenience and efficiency." (citation and footnote omitted). To summarize, Omnicom (1) has not asserted a certainly impending injury in fact caused by the Defendant, and (2) has failed to meet the Article III requirement for redressability. Thus, Omnicom does not have constitutional standing to obtain the declaratory judgment it seeks. Consequently, this action should be dismissed for lack of subject matter jurisdiction pursuant to F.R.C.P. 12(b)(1).

## II.  OMNICOM HAS NO PRIVATE CAUSE OF ACTION TO ENFORCE SEC RULE 14A-8.

Section 14(a) of the Securities Exchange Act of 1934 (the "Act") is as follows:

> It shall be unlawful for any person, by the use of the mails or by any means or instrumentality of interstate commerce or of any facility of a national securities exchange or otherwise, in contravention of such rules and regulations as the Commission may prescribe as necessary or appropriate in the public interest or for the protection of investors, to solicit or to permit the use of his name to solicit any proxy or consent or authorization in respect of any security (other than an exempted security) registered pursuant to Section 12.

Rule 14a-8 states that it was adopted by the SEC pursuant to Section 14(a) to "[address] when a company must include a shareholder's proposal in its proxy statement and identify the

3

proposal in its form of proxy when the company holds an annual or special meeting of shareholders."

Although one court has found that shareholders have an implied private right to enforce Rule 14a-8 (*Roosevelt v. E.I. Du Pont deNemours & Co.*, 958 F.2d 416 (D.C. Cir. 1992))[2], that opinion heavily relied on *J.I. Case Co. v. Borak*, 377 U.S. 426, (1964) which was later repudiated by the Supreme Court in *Alexander v. Sandoval*, 532 U.S. 275 (2001).[3] In *Sandoval*, the Supreme Court held that, in determining whether a private cause of action exists to enforce a statute, "[t]he judicial task is to interpret the statute Congress has passed to determine whether it displays an intent to create not just a private right but also a private remedy." *Id.* at 286. In reviewing statutory language, courts must first determine whether it contains "rights-creating" language. Such explicit rights-creating language is evidenced in statutory provisions that include phrases such as: "no person…shall…be subjected to discrimination." *Id.* at 289. If rights-creating language is present, a reviewing court must then determine whether the statute's remedial

---

[2] The *Roosevelt* Court did not determine whether issuers, who are not the intended beneficiaries of Rule 14a-8, have an implied private right of action to obtain the sort of declaratory judgment Omnicom seeks.

[3] The *Roosevelt* Court stated:

> Reminding us that *Borak* recognized a private right of action under section 14(a) *as implemented by Rule 14a-9*, Du Pont stresses that the more recent decisions (*Touche Ross* and *Virginia Bankshares*) counsel against continuing judicial implication of private rights. However, in view of the informational right rooted in section 14(a), we see no instruction in current Supreme Court opinions to 'freeze out' private enforcement of Rule 14a-8, a prescription plainly serving the congressional aim to facilitate 'corporate democracy.' *See Virginia Bankshares*, 111 S.Ct. at 2764 (acknowledging some leeway for 'rounding out the scope of an implied private statutory right of action')." (emphasis in original).

If the *Roosevelt* Court was correct about "current Supreme Court opinions," (which is dubious), its finding of an implied private right of action to enforce Rule 14a-8 was repudiated by *Sandoval*. In *Wisniewski v. Rodale, Inc.*, 510 F. 3d 294 (2007), the Court of Appeals for the Third Circuit thoroughly analyzed the chronology of the Supreme Court's jurisprudence regarding the existence of an implied private right of action with respect to federal statutes and concluded (in footnote 9) that *Sandoval* made it clear that *Cort v. Ash*, 422 U.S. 66, (1975) had actually overruled *Borak* seventeen years before *Roosevelt* was decided:

> The *Cort* opinion never explicitly acknowledges that it is rejecting the *Borak* approach. In fact, it cites *Borak* several times in a manner suggesting that it is merely distinguishing the statute at issue in *Borak* from the one addressed in *Cort. See Cort*, 422 U.S. at 79-80 & n. 11, 84, 85, 95 S.Ct. 2080. Later cases recognize that *Cort* effectively overruled *Borak. See, e.g., Alexander v. Sandoval*, 532 U.S. 275, 287, 121 S.Ct. 1511, 149 L.Ed.2d 517 (2001).

Since the *Sandoval* Court repudiated *Borak*, *Roosevelt* is no longer reliable.

schemes entrust government agencies or private parties with primary responsibility for statutory enforcement. *Id.* at 288-89. Finally, the Court emphasized that statutory intent is the determinative factor in the judicial inquiry, and that when such intent is not manifest, "a cause of action does not exist and courts may not create one, no matter how desirable that might be as a policy matter, or how compatible with the statute." *Id.* at 287.

Section 14(a) contains no "rights-creating" language and no reference to a private remedy.  In addition, except for a few provisions, (of which Section 14(a) is not one), enforcement of the Act is delegated exclusively to the SEC in Section 21 of the Act. These facts are determinative of statutory intent.  Therefore, an issuer like Omnicom has no right to bring a lawsuit against a shareholder to enforce Section 14(a) or any rule promulgated under it, or to obtain declaratory relief regarding its provisions.  For this additional reason, this lawsuit should be dismissed for lack of subject matter jurisdiction pursuant to F.R.C.P. 12(b)(1).

## III.   THE SEC IS AN INDISPENSIBLE PARTY AND HAS NOT BEEN JOINED.

As previously stated, the only injury Omnicom claims to face is that "[a] company that decides to exclude a proposal without even asking for no-action relief…faces a high probability of an investigation from the SEC's Division of Enforcement."  Although the Defendant does not know if that statement is true, if Omnicom wishes to exclude the Defendant's proposal from its proxy materials (based upon Omnicom's assessment that such an action does not violate Rule 14a-8), and wishes to eliminate the risk of an SEC investigation or enforcement action, then under F.R.C.P. 19(a)(1), the SEC is clearly an indispensable party to this action that must be joined as a defendant.  Since Omnicom has not joined the SEC as a defendant, the Defendant also moves that this Court dismiss this lawsuit pursuant to F.R.C.P. 12(b)(7).

Dated: February 3, 2014

Respectfully submitted

John Chevedden
Pro se Defendant
2215 Nelson Ave. No. 205
Redondo Beach, Calif. 90278
PH: 310-371-7872
olmsted7p@earthlink.net


Certificate of Service

I certify that on February 3, 2014 this answer was sent overnight to the Clerk of the Court. A
copy of this answer is also being provided to Jeff Hammel, plaintiff's attorney.


John Chevedden

6

PRIORITY
MAIL
★ PRESS ★
™

FASTEST SERVICE IN THE U.S.

PRESS HARD. YOU ARE MAKING 3 COPIES.

USPS

2013 OD: 12.5 x 9.5

PRO SE OFFICE
FEB - 4 2014

FOR INTERNATIONALLY,
OMS DECLARATION,
MAY BE REQUIRED.

**ORIGIN (POSTAL SERVICE USE ONLY)**

Date Accepted
Month 02-03-14
Mo. 02  Day  03  Year  2014

Time Accepted
11:47  ☐ AM  ☒ PM

Flat Rate ☐ or Weight
2.00  lbs.  oz.

PO Zip Code  10278
Postage  $ 19.99
Scheduled Date of Delivery  Return Receipt Fee
Scheduled Time of Delivery  COD Fee  Insurance Fee
☐ Noon  ☐ 3 PM
Total Postage & Fees  $ 19.99
Int'l Alpha Country Code

FROM: (PLEASE PRINT)  PHONE ( 310 ) 371-7372
John Chevedden
2215 Nelson Avenue, No. 205
Redondo Beach, CA 90278

FOR PICKUP OR TRACKING
Visit WWW.USPS.COM
Call 1-800-222-1811

USPS EXPRESS MAIL

UNITED STATES POSTAL SERVICE®

**DELIVERY (POSTAL SERVICE USE ONLY)**

Delivery Attempt  Time  Employee Signature
Mo.  Day  ☐ AM  ☐ PM
Delivery Attempt  Time  Employee Signature
Mo.  Day  ☐ AM  ☐ PM
Delivery Date  Time  Employee Signature
Mo.  Day  ☐ AM  ☐ PM

**CUSTOMER USE ONLY**

PAYMENT BY ACCOUNT
Express Mail Corporate Acct. No.
Federal Agency Acct. No. or
Postal Service Acct. No.

☐ WAIVER OF SIGNATURE (Domestic Mail Only)

NO DELIVERY  ☐ Weekend  ☐ Holiday

TO: (PLEASE PRINT)  PHONE ( )
Pro Se office
United States District Court
Southern District of New York
500 Pearl Street, Rm 200
New York, NY
1 0 0 0 7

Mailing Label
Label 11-B, March 2004

Post Office To Addressee

This packaging is the property of the U.S. Postal Service® and is provided solely for use in sending Priority Mail Express™ shipments. Misuse may be a violation of federal law. This packaging is not for resale. EP13F © U.S. Postal Service; July 2013; All rights reserved.

UNITED STATES