```
UNITED STATES DISTRICT COURT
SOUTHERN DISTICT OF NEW YORK
----------------------------------------X

OMNICOM GROUP, INC.,                        14 Civ. 0386 (LLS)

                    Plaintiff,              MEMORANDUM AND ORDER

        -against-

JOHN CHEVEDDEN,

                    Defendant.

----------------------------------------X
```

This case raises the question whether a corporation that has sufficient doubt whether it is entitled to exclude a shareholder's proposal from its proxy materials should consult its attorneys and follow their advice, with the common risk that a court may later hold to the contrary if the proposal is rejected, or take advantage of the Declaratory Judgment Act, 28 U.S.C. § 2201, to seek a court's declaratory judgment that exclusion is permissible or that the proposal's inclusion is mandatory.

There are thousands of public companies in the United States; they have annual meetings, and their shareholders are free to suggest items for inclusion in their proxy materials.

In this case, Omnicom Group, Inc. ("Omnicom") seeks declaratory judgment that it may exclude Mr. Chevedden's shareholder proposal under SEC's rule 14a-8, and moves for

1

summary judgment. Mr. Chevedden, who has promised Omnicom not to sue if it rejects his proposal, moves to dismiss the action on the ground, among others, that the threat of injury from corporate misjudgment is too remote and speculative to present a justiciable controversy under Article III of the United States Constitution.

A court may use its discretion to grant declaratory judgment only "In a case of actual controversy within its jurisdiction," 28 U.S.C. § 2201(a), that is, those "Cases" and "Controversies" that are justiciable under Article III. The Supreme Court has explained that:

> To establish Article III standing, an injury must be concrete, particularized, and actual or imminent; fairly traceable to the challenged action; and redressable by a favorable ruling. Although imminence is concededly a somewhat elastic concept, it cannot be stretched beyond its purpose, which is to ensure that the alleged injury is not too speculative for Article III purposes—that the injury is *certainly impending*. Thus, we have repeatedly reiterated that threatened injury must be *certainly impending* to constitute injury in fact, and that allegations of *possible* future injury are not sufficient.

<u>Clapper v. Amnesty Intern. USA</u>, 133 S. Ct. 1138, 1147 (2013)(internal quotations and citations omitted; italics in original).

Omnicom argues that its injury is imminent because, even though Mr. Chevedden has promised not to sue, "the proposal

remains pending, still requiring Omnicom to decide whether or not it is required to include the proposal in its proxy statement (and face all the legal consequences of that decision).," Pl.'s Reply Mot. Summ. J. 4.

Nonetheless, any speculative future "legal consequences" are not certainly "actual or imminent." Omnicom does not face suit from Mr. Chevedden if it excludes his proposal, and the possibility of SEC investigation or action is remote.

As stated by the Second Circuit in U.S. v. Broadcast Music, Inc. (Application of Muzak LLC and AEI Music Network, Inc.), 275 F.3d 168, 178-79 (2d Cir. 2001):

> An issue is ripe for judicial resolution only if it presents a real, substantial controversy, not a mere hypothetical question. Pursuant to ripeness doctrine, we must avoid entangling ourselves in abstract disagreements and engaging in premature adjudication. The ripeness doctrine cautions courts against adjudicating contingent future events that may not occur as anticipated, or indeed may not occur at all. Two additional factors, the fitness of the issues for judicial decision and the hardship to the parties of withholding court consideration, also inform any analysis of ripeness.
>
> . . .
>
> Applicants argue that the district court's decision not to decide the issue places them in an untenable position, because they now must go through the rate determination proceeding while facing the possibility that the copyright holder might then attempt, and

>     be permitted, to veto the outcome of that
>     proceeding. The fact remains, however, that
>     at this juncture Applicants have suffered no
>     injury, and the threat of an injury is
>     speculative—a contingent future event that
>     may not occur at all. A federal court lacks
>     the power to render advisory opinions. We
>     therefore affirm the district court's
>     decision not to decide the issue.

(internal quotations and citations omitted).

Mr. Chevedden's motion to dismiss (Dkt. No. 12) is granted. Omnicom's motion for summary judgment (Dkt. No. 13) is denied. The clerk is requested to enter judgment dismissing the complaint, with costs and disbursements in favor of Mr. Chevedden according to law.

So ordered.

Dated: New York, New York
       March 11, 2014

                                     /s/ Louis L. Stanton
                                     _____
                                     LOUIS L. STANTON
                                     U. S. D. J.